## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MELISSA ROMIG

CASE NO.:

Plaintiff,

vs.

WELLS FARGO BANK, N.A.

DEMAND FOR JURY TRIAL

Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, Melissa Romig (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, Wells Fargo Bank, N.A., (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

1

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the property which was the subject of the calls is located in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

5.      Defendant is a foreign national association as registered with the Florida Department of State, Division of Corporations.

6.      Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pasco County, Florida.

7.      Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

8.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pasco County, Florida, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

9.      Defendant, at all material times, was attempting to collect a debt relating to a mortgage account.

10.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6). .

11.     Plaintiff revoked any prior express consent to contact Plaintiff via cellular telephone or any other form of communication on April 4, 2017, through a facsimile transmission to Defendant's facsimile number, 844-879-0544.

12. In addition to the request not to be contacted by Defendant on April 4, 2017, Plaintiff directed Defendant to contact Plaintiff's attorney and included the name of the law firm representing Plaintiff and the contact information for the law firm.

13. Despite Plaintiff sending a written request not to be contacted via her cellular telephone and directing communication via her attorney, Defendant continued to contact Plaintiff directly via her cellular telephone.

14. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

15. Plaintiff is the regular user and carrier of the cellular telephone number ending in - 6737 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

16. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

17. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Plaintiff revoked any alleged consent for Defendant to contact Plaintiff's cellular telephone.

18. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

19. The following phone numbers, including, but not limited to, 877-335-1718, 866-903-1053, 844-817-4412, 515-446-5859 and 877-617-5274, are phone numbers Defendant used to call Plaintiff's cellular telephone.

3

20. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

21. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

22. Plaintiff did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

23. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

24. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff.

25. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his/her/their consent.

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

27. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

28. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

29. Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

30. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

4

31.    Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

32.    Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

33.    Despite Defendant's knowledge of Plaintiff's requests not to be contacted via cellular telephone and advisement of representation by counsel, Defendant continued to call Plaintiff's cellular telephone.

34.    The continued contact by Defendant was abusive and harassing to Plaintiff.

**WHEREFORE**, Plaintiff, Melissa Romig, demands judgment against Defendant, Wells Fargo Bank, N.A., for the following relief:

a.    any actual damages sustained by Plaintiff as a result of the above allegations;

b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.    any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

35.    Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

36.    Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

5

37.     Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiffs after it knew Plaintiffs was represented by counsel and could reasonably ascertain the name and address of counsel.

38.     Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiffs, Melissa Romig, demands judgment against Defendant, Wells Fargo Bank, N.A., for the following relief:

a.      any actual damages sustained by Plaintiffs as a result of the above allegations;

b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

e.      any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

39.     Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

40.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

41.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

6

42.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

43.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, Melissa Romig, demands judgment against Defendant, Wells Fargo Bank, N.A., for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

7

## **VERIFICATION**

Under penalty of perjury, I have read the foregoing and it is true and correct.

Melissa Romig

**BOSS LAW**

Date: August 14, 2018

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@bosslegal.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 449-8792
**Attorney for Plaintiff**

8